UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**ANGELINA M. ROGERS,**

    Plaintiff,

    v.                                                                                     Case No. 23-CV-72-SCD

**HERBERT ROGERS WILLIAMS,**

    Defendant.

## REPORT AND RECOMMENDATION

Angelina M. Rogers filed this action without the assistance of counsel alleging that Herbert Rogers Williams violated her civil and human rights. *See* ECF No. 1. She has also filed a request to proceed in this action without paying the court's filing fee. *See* ECF No. 2. Because subject-matter jurisdiction is lacking, I will recommend that the action be dismissed and that Rogers' fee-waiver request be denied as moot.

Rogers' complaint focuses on the alleged misdeeds of a man named Herbert Rogers Williams. *See* ECF No. 1 at 2–3.[1] It is unclear from the complaint the exact relationship between Rogers and Williams, but it appears they live together. Rogers alleges that she has dealt with domestic violence, that Williams has disrespected the boundaries of the homeowner, and that Williams has continuously harassed her in the house. She says she reported a recent "incident" to the Milwaukee police and that the police have investigated other potential criminal acts. Rogers further alleges that she recently filed charges against

---

[1] The caption of the fee-waiver request references a different defendant (Robert Carlos Guzman) and what appears to be a Wisconsin state criminal case number (21CM000301).

Williams for continuous elder abuse. According to Rogers, Williams has threatened her, abused a pet, assaulted his own mother and sister, engaged in unruly behavior, and inappropriately viewed people on cameras. Rogers indicates that Williams' alleged harassment has impacted her academic career, her housing situation, and her employment. As relief for the above alleged violations, Rogers asks that Williams not associate or communicate with her, not live at the home address, and be punished criminally for his actions. *See id.* at 4.

Rogers indicates in her complaint that she is suing Williams for a violation of federal law under 28 U.S.C. § 1331. *See* ECF No. 1 at 4. However, the above allegations do not give rise to a violation of the Constitution, laws, or treaties of the United States. Rogers alleges that Williams violated her civil rights, but she does not allege that Williams was acting under the color of law at the time. *See* 42 U.S.C. § 1983. Rather, her allegations suggest that Williams committed a battery or an assault, which are state tort claims. (Rogers alleges that she and Williams both are citizens of Wisconsin, *see* ECF No. 1 at 1–2, so there's no potential diversity jurisdiction under 28 U.S.C. § 1332.) Rogers also alleges that Williams has committed several serious crimes against her and others. If true, she should report those allegations to the police and may pursue a restraining order against Williams in state court. Federal court, however, is not the appropriate forum for her claims.

Accordingly, I find that this action must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). The

clerk of court shall therefore randomly assign this matter to a district judge for consideration of the following recommendations: (1) that this action be dismissed for lack of subject-matter jurisdiction; (2) that Rogers' request to proceed in district court without prepaying the filing fee be denied as moot; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 6th day of February, 2023.

_____
STEPHEN C. DRIES
United States Magistrate Judge